The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NUHEARA IP PTY LTD and NUHEARA LIMITED,<br><br>    Plaintiffs and Counterclaim-Defendants,<br><br>    v.<br><br>ANKER INNOVATIONS LIMITED, FANTASIA TRADING LLC d/b/a ANKERDIRECT, and POWER MOBILE LIFE, LLC,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No. 2:20-cv-01161-BJR<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

The terms "material" or "document" used herein encompass any information discoverable in the proceeding, whether tangible or intangible, as stored in any medium.

2. "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

2.1 "Confidential" Material. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a) confidential technical documents, including schematic diagrams, engineering drawings, engineering notebooks, specifications, formulations, research notes and materials, technical analysis, and any other non-public materials related to technology;

(b) confidential and proprietary information related to a party's products or services, or products or services a party has under development;

(c) confidential or proprietary source code, software, platforms, or applications;

(d) confidential financial and marketing information, including financial projections or competitive analyses;

(e) confidential business plans, including plans for product or service expansions, market and industry forecasts, and other business analysis;

(f) confidential price lists and pricing information;

(g) confidential agreements or terms, licensing policies, or other related documents;

(h) confidential customer or consumer information, including customer lists and consumer data;

(i) personal financial information, personal health information, or personal identification numbers ("PINs");

(j) confidential internal business communications or notes;

(k) information obtained from a third party pursuant to a non-disclosure agreement; and

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(l) any information that is subject to federal, state, or foreign data protection laws or government/state secrecy laws, including but not limited to, the Law of the People's Republic of China on Guarding State Secrets (adopted in 1988, revised 2010), the Law of the People's Republic of China on Accounting Archives Management Measures law, the Anti-Unfair Competition Law of the People's Republic of China; and the General Data Protection Regulation (2016/679) of the European Union.

2.2 <u>"Attorneys' Eyes Only" Material.</u> "Attorneys' Eyes Only" material shall include the documents and tangible things listed above that are of such a commercially-sensitive nature that the disclosure of which to persons or parties unaffiliated with the disclosing party would likely cause harm or competitive disadvantage to the disclosing party.

2.3 <u>Good Faith Designation.</u> In determining whether information should be designated as "Confidential" or "Attorney's Eyes Only," each party agrees to use such designations only if that party believes in good faith that the information must be protected from disclosure as provided herein.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential and Attorneys' Eyes Only material (as defined above), but also: (1) any information copied or extracted from Confidential or Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential or Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Attorneys' Eyes Only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    4.1   <u>Basic Principles</u>. A receiving party may use designated material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this agreement. Designated material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Confidential" material only to:

    (a)   the receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    (c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who:

        i.   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        ii.   are not otherwise currently, regularly, or expecting to be employed by any party; and

        iii.   have been qualified under this agreement in accordance with the process set forth in Section 11;

    (d)   the court, court personnel, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(e) copy or imaging services retained by counsel to assist in the duplication of designated material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any designated material to third parties and to immediately return all originals and copies of any designated material;

(f) witnesses in the action to whom the parties previously agreed disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) an employee, officer or director of the party who designated the information.

4.3 <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any "Attorneys' Eyes Only" material only to those individuals listed in Section 4.2(a), (c)-(h).

4.4 <u>Filing Designated Material</u>. Before filing designated material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether citation, discussion, or reference to the specific confidential information is necessary to the filing and, if so, can be minimized, whether the designating party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take reasonable measures to limit any such designation to specific information or material that qualifies under the appropriate standards. The parties will work in good faith to limit designations to only that information or material that warrants protection, including by taking this provision into account when negotiating their ESI Agreement.

    Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    <u>Information in documentary form:</u> When information is produced in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material. If this in not technologically feasible (e.g., because the file is produced natively), the designating party must affix the word(s) "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to the file's placeholder, or otherwise designate the file name.

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: Any party or non-party may, within fifteen days after receiving the final transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only.  Up until the expiration of this fifteen-day period, the deposition testimony shall be treated as "ATTORNEYS' EYES ONLY."  If a party or non-party desires to protect designated information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified material, information, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon detection of the failure to properly designate material, the designating party shall promptly provide replacement material which shall bear the correct designation, and the receiving party shall destroy the original material and make reasonable efforts to ensure that the replacement material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge either designation of confidentiality at any time. A party does not waive its right to challenge either confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone or video conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question pursuant to its original designation unless/until the court orders otherwise.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action, that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(b) notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the disclosure or production of information subject to the attorney-client privilege or the attorney work product protection is not a waiver of that privilege or protection in this case or in any other federal or state court proceeding.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action (i.e., when any order finally closing the case issues), including all appeals (i.e., when any final mandate issues), each receiving party must, at the producing party's election, either (a) return all designated material to the producing party, including all copies, extracts and summaries thereof or (b) destroy all designated material from the

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

producing party and provide certification to counsel of record of the producing party of such destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.  EXPERT QUALIFICATION

In order for an independent expert or a consultant to be permitted access to information designated under this agreement, the party wishing to provide such access must notify the designating party in writing at least seven (7) calendar days before allowing such access (or such shorter period to which the designating party agrees in writing).  The identification of an expert or consultant pursuant to this agreement shall not constitute a waiver of attorney work-product protection or the attorney-client privilege.

(a)  *Contents of the Written Notification*:  Such written notice shall include the following:

    (i)  the name of the expert or consultant;

    (ii)  the present employer and title of the expert or consultant;

    (iii)  an executed copy of the form attached hereto as <u>Exhibit A</u>;

    (iv)  a current curriculum vitae that lists all employers and clients to whom the expert or consultant has provided services in the past four (4) years;

    (v)  a listing of all cases in which the expert or consultant has testified as an expert at trial or by deposition within the last four (4) years; and

    (vi)  a listing of engagements by the expert or consultant for a party to this action on any matter substantially related to the subject matter of this case.

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

(b) *Objections*: Before the seven (7) calendar day period from the receipt of the written notification has expired, the designating party may object in writing to the disclosure of designated information to the expert or consultant in question. If no such written objection is made within the seven (7) calendar day period, then the expert or consultant shall be deemed qualified under the agreement and such designated information may be disclosed to the expert or consultant pursuant to this agreement. If an objection is made, such designated information shall not be disclosed to the expert or consultant until the objection is resolved. To resolve the objection, the parties must first meet and confer in good faith to attempt to reach an agreement or accommodation concerning the objection. If the objection is not resolved by meet and confer, the objecting party shall file a motion with respect to its objection within seven (7) calendar days after service of the notice of written objection to disclosure. If the objecting party does not file the appropriate motion with the Court within that time, or within any additional time as may be granted by the Court or agreed to by the parties, the objecting party waives its right to challenge the disclosure of such designated information to the identified expert or consultant, and the identified expert or consultant shall be deemed qualified under this agreement for purposes of receiving designated materials. If a motion challenging disclosure is timely filed, an identified expert or consultant shall not be provided access to any such designated information until such motion is resolved.

12. ADVICE OF COUNSEL

Nothing in this agreement shall bar or otherwise restrict any attorney from relying upon his or her examination of information designated under this agreement in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, however, the attorney shall not disclose the content (in whole or in part) of any such designated information, unless the client is permitted to receive such information pursuant to this agreement.

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

13. **NON-PARTY DISCOVERY**

In the event discovery is taken of any person or entity not a party to the lawsuit, such person or entity shall be provided with a copy of this agreement and may avail his/her/itself of its protections by designating information in accordance herewith.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 2, 2021

By: *s/ Benjamin J. Byer*
Benjamin J. Byer, WSBA #38206
Lauren B. Rainwater, WSBA #43625
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Email: benbyer@dwt.com
Email: laurenrainwater@dwt.com

Martha Jahn Snyder, *pro hac vice*
Anita Marie Boor, *pro hac vice*
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, Wisconsin  53703
Email: martha.snyder@quarles.com
Email: anita.boor@quarles.com

*Attorneys for Plaintiffs NUHEARA IP PTY LTD and NUHEARA LIMITED*

DATED:  April 2, 2021

By: *s/ Diana M. Rutowski*
Melanie D. Phillips, WSBA # 48945
Diana M. Rutowski, *pro hac vice*
Yufeng (Ethan) Ma, *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
Email:  mphillips@orrick.com
Email:  drutowski@orrick.com
Email:  yma@orrick.com

*Attorneys for Defendants ANKER INNOVATIONS LIMITED, FANTASIA TRADING LLC D/B/A ANKERDIRECT, AND POWER MOBILE LIFE, LLC*

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: April 5, 2021

_____
The Honorable Barbara J. Rothstein
United States District Court Judge

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of Nuheara IP Pty Ltd and Nuheara Limited v. Anker Innovations Limited, *et al*., Case No. 2:20-cv-01161-BJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
(2:20-cv-01161-BJR) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax